USDC SCAN INDEX SHEET

















TKL    7/7/05    10:13

3:05-CV-00892    MEMPHIS CAPITAL PRT V. ORANGE 21

*13*

*O.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

05cv892 JM

In re ORANGE 21 INC. SECURITIES
LITIGATION

CASE NO. 05 CV 0595 JM (BLM)

ORDER CONSOLIDATING
CASES 05cv0595 and 05cv0892;
GRANTING PITTMAN'S
MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF;
GRANTING PITTMAN'S
MOTION FOR APPROVAL OF
LEAD COUNSEL; DENYING
COMPETING MOTION FOR
APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF
LEAD COUNSEL

This is a motion to appoint lead plaintiff and approve lead counsel in a securities class action. Two individuals or groups are moving for appointment as lead plaintiff: (1) Christine Pittman, and (2) Memphis Capital Partners LLC ("Memphis").

**I.    Background**

Orange 21, formerly known as Spy Optic, makes sunglasses and goggles for action sports like snowboarding, skateboarding and surfing. Orange 21 is headquartered in Carlsbad, CA. On December 14, 2004, Orange 21 sold 3.48 million shares of common stock in an initial public offering for $8.75 per share. Plaintiffs allege that the registration statement failed to disclose that Orange 21 was engaging in copyright infringement, and did not reveal that its European operations were materially underperforming. On February 17, 2005, Orange 21 announced reduced earnings expectations for 2005 due largely to issues in its European market, "causing" Orange 21's stock price to "collapse" to around $6. Oakley, Inc., a

- 1 -

05cv0595

sunglasses competitor, sent Orange 21 a cease-and-desist letter that Orange 21 disclosed to the market on March 7, 2005. The stock is traded on the NASDAQ market under the symbol ORNG.

Pittman filed the first class action complaint, 05cv0595, in this district on March 24, 2005, alleging that the officers and directors of Orange 21 violated Section 11 of the Securities Act of 1933. The violation allegedly took the form of omissions in the registration statement about: (1) under performance of European operations; (2) violation of patents and trademarks for certain products; and (3) modification of distribution policies. Pittman also alleges that Orange 21, Chief Executive Officer Barry Buchholtz and Chairman Mark Simo are liable for the Section 11 liabilities as control persons under Section 15 of the 1933 Act.

On April 29, 2005, Memphis filed a complaint in case 05cv892 that is essentially copied verbatim from Pittman's complaint.

## II. Discussion

### Consolidation Pursuant to Federal Rule of Civil Procedure 42(a)

Rule 42(a) grants the court discretion to consolidate "actions involving a common question of law or fact." Pittman moved to consolidate cases 05cv0595 and 05cv0892, although her initial brief failed to address the issue of consolidation. Defendants agree that the two cases should be consolidated. Cases 05cv0595 and 05cv0892 are hereby **CONSOLIDATED** because both claims involve a common question of law and fact. Indeed, the two cases are essentially identical. Both actions are consolidated under case number 05cv0595, designated as the lead file for further filings, with the following caption to appear on all further filings: In re ORANGE 21 INC. SECURITIES LITIGATION.

### Most Adequate Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets out the process for determining lead plaintiff in a securities class action case. The district court must select the "most adequate plaintiff" who is most capable of representing the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that meet the following three requirements:

1. has either filed the complaint or made a motion in response to a notice;

2. has, in the determination of the court, the "largest financial interest" in the relief sought by the class; and

3. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In the in re David Cavanaugh case, the Ninth Circuit held that district courts are required to follow a three-step process to determine the lead plaintiff. 306 F.3d 726, 729 (9th Cir. 2002). First, the court must determine if the procedural requirements are satisfied. Next, the court compares the financial stakes of the parties and determines who has the highest financial interest ("largest plaintiff"). Id. at 729-30. Once the largest plaintiff is identified, the court "must then focus its attention on *that* plaintiff" and determine whether it meets the requirements of Rule 23. Id. at 730. If the largest plaintiff does meet the requirements of Rule 23, it must be the presumptive lead plaintiff. Id. at 731. Once the presumptive lead plaintiff is chosen, step three allows the other candidates to attempt to rebut the presumption by attacking that individual or group's qualifications under Rule 23. Id. at 732.

**Procedural Requirements**

The PSLRA requires prompt publication of notice advising class members of the existence of the class action and of their right to move within 60 days of the publication to be appointed lead plaintiff. Cavanaugh, 306 F.3d at 729. Both Pittman and Memphis complied with these provisions; Pittman distributed a press release on March 24, 2005 and Memphis distributed one on April 29, 2005. Both press releases were relayed by Business Wire.

**Largest Financial Interest**

The court must compare the losses allegedly suffered by the various plaintiffs to determine the financial stakes. Cavanaugh, 306 F.3d at 730. Courts have considered the following factors to determine the largest financial stakes: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1157-58 (N.D. Cal. 1999).

- 3 -

Both candidates vying for lead plaintiff status have a small financial stake in this litigation. Pittman purchased and sold 600 shares of ORNG, claiming a loss of $800. Memphis only owned 100 shares, claiming a loss of $425. There are approximately 7 million publicly-held shares of ORNG currently in the market. This information is summarized in the table below.

| Proposed Lead Plaintiff | shares purchased | total amount spent | approx. claimed loss | desired counsel |
|---|---|---|---|---|
| Christine Pittman | 600 | $6160 | $800 | Lerach Coughlin |
| Memphis Capital | 100 | $1025 | $425 | Finkelstein & Krinsk |

Pittman clearly has a larger stake in this litigation than Memphis Capital, in terms of the number of shares purchased during the class period, the total net funds expended, and the approximate losses suffered.

**Rule 23 Requirements for Class Representative**

Does Pittman meet the requirements to serve as the class representative? Federal Rule of Civil Procedure 23 contains four basic requirements for class actions: numerosity, commonality, typicality, and adequacy of representation. "At the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate." Aronson v. McKesson, 79 F. Supp. 2d at 1158. Pittman has certified that she has reviewed the complaint and authorized its filing and that she is willing to serve as a representative party on behalf of the class and will testify if necessary. Pittman claims that she is able to trace her shares to the Registration Statement. It appears that Pittman's claims are typical of the class members, meaning that her claim is aligned with the claims of the remainder of the class. Her interests are not antagonistic to those of other members of the class. The court is satisfied that Pittman meets the Rule 23 requirements for class representative, so she is the presumptive lead plaintiff. Other candidates have not attacked Pittman's qualifications under Rule 23. Pittman is hereby **APPOINTED** as lead plaintiff for purposes of this class action lawsuit.

05cv0595

**Approval of Lead Counsel**

The lead counsel portion of the PSLRA states that the appointed plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff may select the counsel; the court's role at this stage in the proceeding is limited to approving that choice. Pittman's chosen firm, Lerach Coughlin et al., consists of experienced attorneys who will adequately represent the interests of the class. The court **APPROVES** Pittman's chosen firm.

**IT IS SO ORDERED.**

DATED: _____7/5_____, 2005

_____
**JEFFREY T. MILLER**
United States District Judge

cc:   all parties

- 5 -

05cv0595