Case 3:05-cv-00595-JM-BLM    Document 13    Filed 05/01/2007    Page 1 of 8

**ORIGINAL**

FILED

'07 MAY -1  AM 8: 42

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

05cv 892 -JM

| | |
|---|---|
| In re ORANGE 21 INC. SECURITIES LITIGATION | ) No. 05-CV-0595-JM(BLM) |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) ~~[PROPOSED]~~ FINAL JUDGMENT AND |
| | ) ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | ) |
| | ) DATE:    April 23, 2007 |
| | TIME:    10:00 a.m. |
| | COURTROOM:  The Honorable |
| | Jeffrey T. Miller |

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 19, 2007, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 14, 2006 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Persons or entities reasonably identifiable, who purchased or otherwise acquired Orange 21's common stock during the period commencing on the date Orange 21 common stock was issued in connection with Orange 21's December 14, 2004 IPO through February 17, 2005 (the "Class Period"), except those Persons or entities excluded from the definition of the Class, as shown by the records of Orange 21's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons (other than those Persons who timely and validly requested exclusion from the Class) who purchased or otherwise acquired the common stock of Orange 21 on the date the stock was issued in connection with Orange 21's December 14, 2004 IPO through February 17, 2005. Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which any Defendant has or had a controlling interest, present or former directors and officers of Orange 21, and the legal representatives, heirs, successors, or assigns of any such Defendant.

4. With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there

- 1 -                                              05-CV-0595-JM(BLM)

are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and her counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class.

6..    Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against each and all the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7.    The Court finds that the Stipulation and settlement are fair, reasonable, just and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.    Upon the Effective Date hereof, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9.    All Class Members are hereby forever barred and enjoined from prosecuting all claims (including "Unknown Claims" as defined in ¶1.26 of the Stipulation), demands, losses, rights, liabilities and causes of action under federal or state law, whether based upon statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, fixed or

contingent, and that either were asserted or could have been asserted, by the Lead Plaintiff or any Class Member against the Released Parties arising out of, relating to or in connection with the purchase or acquisition of Orange 21 common stock during the Class Period, and the acts, facts, events, statements, disclosures, misrepresentations or omissions that were or could have been alleged in the Litigation or in any forum.

10.    Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all claims (including, but not limited to, "Unknown Claims" as defined in ¶1.26 of the Stipulation), demands, losses, rights, and causes of action of any nature whatsoever, whether known or unknown, whether suspected or unsuspected, whether concealed or hidden, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiff, Class Members and Plaintiffs' Counsel which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Stipulation).

11.    The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

12.    Any plan of allocation submitted by Lead Plaintiff's counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used

- 3 -                                    05-CV-0595-JM(BLM)

as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Any and all claims for contribution and indemnification arising out of any Released Claim(s), including, but not limited to, any claims that are based upon any matters that were alleged or could have been alleged in the Litigation by any Person or entity against the Defendants or any of the Related Persons are, by operation of this Judgment, hereby permanently barred, extinguished, discharged, satisfied and unenforceable. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceeding against any of the Defendants or any of the Related Persons for equitable, partial, comparative or complete contribution, subrogation or indemnity, however denominated, based upon liability for the Released Claims, and the Court finds that all such claims extinguished, discharged, satisfied and unenforceable. Notwithstanding the foregoing, nothing in this Judgment shall apply to, bar or otherwise affect any claim of right to indemnification between Orange 21 and any present or former officer or director of Orange 21, or any claim for insurance coverage by Orange 21 or any Defendant.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to

the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE JEFFREY T. MILLER
UNITED STATES DISTRICT JUDGE

Submitted by,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DANIEL S. DROSMAN
JEFFREY D. LIGHT

_____
JEFFREY D. LIGHT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\Settlement\Orange 21.set\JGT FINAL 00040869.doc

- 5 -                                             05-CV-0595-JM(BLM)

AS OF APRIL 23, 2007

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED

**Exhibit 1**